**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 1 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-32954 |
| | ) | |
| Mark A. Barker, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER REGARDING MOTION TO DISMISS

This case is before the court on the United States Trustee's motion to dismiss for abuse brought under 11 U.S.C. § 707(b)(2) and (b)(3) [Doc. # 13]. A hearing was held that Debtor, his counsel and counsel for the United States Trustee ("UST") attended in person and at which the parties had the opportunity to present testimony and evidence in support of their positions.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine a motion to dismiss a case under § 707(b) are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(A). Having considered the briefs and the arguments of counsel as well as testimony and evidence offered by the parties, for the reasons that follow, the court will grant the UST's motion and dismiss Debtor's Chapter 7 case unless he converts the case to

Chapter 13.

## BACKGROUND

Debtor is fifty-eight years old. He is single with no dependents and is employed as a reactor operator at AkzoNobel,[1] where he has worked for twenty-eight years. He filed his Chapter 7 petition on June 25, 2012. Debtor's petition states that his debts are primarily consumer debts. His bankruptcy Schedule I shows total monthly income after payroll deductions of $2,353.19, which include deductions for monthly 401(k) loan repayments in the amounts of $407.31 and $310.77, as well as a monthly contribution to his 401(k) plan of $242.06. [UST Ex. 1, p. 19-20/45]. His Schedule J shows total monthly expenses in the amount of $2,797.51 with a resulting monthly budget deficit of a negative $444.32. [*Id.* at 21].

As required under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Debtor also completed and filed with his petition Official Form B22A, Statement of Current Monthly Income and Means Test Calculation. [*Id.* at pp. 39-45]. In Parts II through IV of Form B22A, he reports total current monthly income ("CMI"), as that term is defined in 11 U.S.C. § 101(10A), in the amount of $4,113.00, which is above the median family income for a family of one in Ohio. [*Id.* at 41]. Part V of Debtor's means test calculation includes deductions totaling $3,774.83. Debtor thus reports on line 50 in Part VI monthly disposable income in the amount of $338.17 and, on line 51, a 60-month disposable income in the amount of $20,290.20. [*Id.* at 44]. Debtor's Form B22A thus indicates that a presumption of abuse arises under § 707(b)(2). However, in addition to the total expenses deducted from CMI to determine monthly disposable income on line 50, Debtor reports his monthly 401(k) loan payments as "Additional Expense Claims" in Part VII, line 56 of his form B22A. [*Id.* at 45].

At the hearing, Debtor testified that he borrowed approximately $15,000 from his 401(k) plan in October 2007 ("First 401(k) Loan"). He credibly testified that he used the loan proceeds to pay various debts, including a car loan, delinquent real estate taxes, credit card debt and a debt owed to his ex-wife after their divorce. According to Debtor, the First 401(k) Loan will be paid in full around April 2013. Debtor testified that he obtained a second loan from his 401(k) plan in June 2009 in the amount of approximately $21,000 ("Second 401(k) Loan"). The court credits his testimony that those loan proceeds were used to pay real estate taxes, a signature loan and credit card debt. Debtor testified that if he stops making payments on these loans, he will have to report the balance as taxable income but that it would not result in him losing

---

[1] Debtor's employer is identified as Axlo Noble on his Schedule I in evidence. [UST Ex. 1, p. 19/45]. However, the court believes that the correct spelling is AkzoNobel as shown on Debtor's pay advices. [Doc. # 3].

2

his job.

The UST argues that the calculations on Debtor's means test show that a presumption of abuse arises under § 707(b)(2) and that Debtor's 401(k) loan payments are not expenses that may be included to further reduce the monthly disposable income reported on line 50. Although the UST also argues under § 707(b)(3) that the totality of the circumstances of Debtor's financial situation demonstrates abuse, because the court agrees that an unrebutted presumption of abuse arises in this case, it does not address the § 707(b)(3) argument.[2]

## LAW AND ANALYSIS

Where debts are primarily consumer debts, as in this case, the court may, after notice and a hearing dismiss a Chapter 7 case "if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." 11 U.S.C. § 707(b)(1). Under § 707(b)(2) and (3), Congress provided two methods by which abuse may be proven. Section 707(b)(2)(A) sets forth an extensive "means test" calculation to determine whether there is a presumption of abuse. The means test calculation requires a debtor to subtract certain allowed deductions from the debtor's CMI. Where the means test calculation results in sufficient disposable income such that a presumption of an abusive filing arises under the statute, a debtor may rebut that presumption only by demonstrating "special circumstances" as set forth in § 707(b)(2)(B).

**I. Does the Presumption of Abuse Arise?**

In this case, there is no dispute that Debtor's means test calculation of monthly disposable income set forth in Parts II to VI of Form B22A shows that a presumption of abuse arises under § 707(b)(2). This calculation requires debtors to deduct from their CMI expense amounts determined under § 707(b)(2)(A)(ii), (iii) and (iv). 11 U.S.C. § 707(b)(2)(A)(i). At issue here is whether Debtor's 401(k) plan loan repayments included on line 56 in Part VII of Debtor's Form B22A further reduce his CMI such that no presumption arises. The court concludes that they do not.

Line 56 instructs debtors to "[l]ist and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I)." That section provides

---

[2] Were the totality of the circumstances the only issue before the court in Debtor's case, the Motion might be decided differently. Debtor's candid, credible and undoubtedly personally difficult testimony showed that he has struggled with and to overcome personal issues. Nevertheless, as discussed below, these issues do not in the court's view amount to special circumstances within the meaning and application of § 707(b)(2)(B). The court cannot overlook the Congressional command of the means test and the resulting presumption of abuse in this case as explained in this decision.

3

in relevant part as follows:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides. . . .

11 U.S.C. § 707(b)(2)(A)(ii)(I).

Although line 56 provides debtors with the opportunity to list and describe additional monthly expenses not otherwise described in Form B22A, the means test calculation on the form does not provide for a deduction from CMI for those expenses. The Advisory Committee explains line 56 as follows:

> The forms do not provide for means test deductions from CMI for expenses in categories that are not specifically identified as "Other Necessary Expenses" in the Internal Revenue Manual. However, debtors may wish to claim expenses that do not fall within the categories listed as "Other Necessary Expenses" in the forms. Part VII of the Chapter 7 form and Part VI of the Chapter 13 form provide for such expenses to be identified and totaled. Although expenses listed in these sections are not deducted from CMI for purposes of the means test calculation, the listing provides a basis for debtors to assert that these expenses should be deducted from CMI under § 707(b)(2)(A)(ii)(I), and that the results of the forms' calculation, therefore, should be modified.

Advisory Committee Note to Official Forms 22A, 22B, & 22C at ¶ C(4).

However, as this court noted in *In re Whitaker*, No. 06-33109, 2007 WL 2156397, *4, 2007 Bankr. LEXIS 2527, *12 (Bankr. N.D. Ohio July 25, 2007), "the provisions of the statute govern over the Official Form and § 707(b)(2)(A)(ii) expressly limits deductions for other necessary expenses to those that fall within the categories specified by the Internal Revenue Service." Those categories are found in section 5.15.1.10 of the Internal Revenue Manual ("IRM"). *Id.* at *2 (citing *In re Barraza*, 346 B.R. 724, 730 (Bankr. N.D. Texas 2006)). The IRM includes no specific category for 401(k) plan loan repayments. Although it does includes a category for "Involuntary Deductions" to the extent that the expense "is a requirement of the job," IRM § 5.15.10, deductions from Debtor's pay for repayment of his 401(k) plan loans are neither involuntary nor a requirement of his job. Although doing so would have certain tax consequences, Debtor testified that he can choose to stop repaying the loans without it jeopardizing his employment.

Moreover, even if it may be proper to deduct additional expenses that do not fall within the categories specified by the Internal Revenue Service in the IRM, the court has found that 401(k) plan loan repayments are not a proper deduction. *Id.* at *4-5. In *In re Whitaker*, the court noted that Congress has

4

provided special treatment of retirement benefits and the repayment of loans from ERISA qualified plans in several other contexts, *see In re Whitaker*, 2007 WL 2156397 at *4 (citing 11 U.S.C. §§ 362(b)(19) (providing that the automatic stay does not apply to withholding from a debtor's wages to the extent that the amounts withheld and collected are used solely for payments relating to such a loan); 541(b)(7) (excluding from property of the estate any amount withheld from an employee's wages or received by an employer from an employee for payment as contributions to a qualified retirement plan); and 1323(f) (excluding any amounts required to repay a loan from a qualified retirement plan from the definition of "disposable income")), and found it telling that Congress did not do so with respect to the Chapter 7 means test calculation, *id.* (citing *Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.")).

The court further found that excluding 401(k) plan loan repayments as a necessary expense under the means test is not inconsistent with any Congressional policy to protect retirement funds. *Id.* Quoting *In re Lenton*, 358 B.R. 651, 660 (Bankr. E.D. Pa. 2006), the court explained:

> First, 401(k) loan repayments are finite; a loan will eventually be paid off. Second, a Chapter 13 case is prospective, i.e., it encompasses a debtor's current and future financial circumstances for a period of three to five years.... Excluding 401(k) loans from the means test evidences a "wait and see" approach that would channel debtors with such expenses into the longer period of bankruptcy supervision of Chapter 13 rather than the relatively short tenure of a Chapter 7 case, notwithstanding that doing so might result in a zero payment plan. However, because, as here, 401(k) loans might be paid off within the commitment period of a Chapter 13 case, the ability to increase the monthly plan payment would direct newly available funds to creditors. Such an approach serves both the Congressional intent to protect retirement contributions and "ensure that debtors repay creditors the maximum they can afford," a primary goal of BAPCPA. H.R. Rep. 109–31, pt. 1 at 1, as reprinted in 2005 U.S.C.C.A.N. 88, 89 (2005).

*Id*. at *5.

In this case, as in *In re Whitaker*, the *Lenton* rationale is particularly relevant. Debtor's First 401(k) Loan will be paid off in April 2013. And although Debtor was unsure when the Second 401(k) Loan would be paid off, he obtained the loan in June 2009. The repayment period for 401(k) plan loans is generally no longer than five years. 26 U.S.C. § 72(p)(2)(B) (requiring such loans to be repaid within five years unless the loan is used to acquire the participant's principal residence). Assuming the Second 401(k) Loan has a repayment period of five years, it will be paid off by approximately June 2014. Thus, additional funds will in fact become available that could be used to fund a Chapter 13 plan since both loans will be paid off within

5

a Chapter 13 plan's five year applicable commitment period for an above median income debtor. *Seafort v. Burden (In re Seafort)*, 669 F.3d 662 (6th Cir. 2012)(holding that post-petition income freed up after a debtor's 401(k) loans are fully paid is "projected disposable income" that must be paid into a Chapter 13 plan under § 1325(b)).

For the reasons discussed above, the court finds that Debtor's expense for 401(k) plan loan repayments is not a proper deduction from CMI under the means test. As otherwise shown by Debtor's means test, there is a statutory presumption that granting him a Chapter 7 discharge would be an abuse of the provisions of that chapter.

## II. Is the Presumption of Abuse Rebutted by Special Circumstances?

Generally, a "'special circumstance" is one that leaves a debtor with "no reasonable alternative but to incur the expense or cause the income adjustment.'" *Eisen v. Thompson*, 370 B.R. 762, 773 (N.D. Ohio 2007) (quoting *In re Haman*, 366 B.R. 307, 313 (Bankr. D. Del. 2007)). While the circumstances that led to obtaining a loan may be "special" under § 707(b)(2)(B), the mere obligation to repay a loan is not itself a special circumstance. *Id.*

In this case, the court finds that Debtor has identified no "special circumstance" that led to him borrowing from his 401(k) plan. Rather, Debtor borrowed from his 401(k) plan in order to pay a car loan, credit card debt, real estate taxes, and other debts. Such circumstances are not "special" but are in this case the "the result of the [debtor's] longstanding general inability to keep up with [his] obligations to creditors." *Id.; Egebjerg v. Anderson (In re Egebjerg)*, 574 F.3d 1045, 1053 (9th Cir. 2009) (stating that "if the original unsecured consumer obligation could not be considered a special circumstance, it would seem problematic to find 'special circumstances' for the 401(k) loan that merely replaced those debts"); *In re Turner*, 376 B.R. 370, 379 (Bankr. D.N.H. 2007) (finding that the presumption of abuse was not rebutted where the debtor presented no evidence explaining why the circumstances giving rise to the loan were "special," rather than general financial problems that precede almost every bankruptcy filing). The evidence shows that Debtor has struggled with personal problems, but does not connect those problems to the § 401(k) loans such that it could be said that they left Debtor with no reasonable alternative but to incur the expenses represented by the loans. The court finds that Debtor has not demonstrated that special circumstances as referred to in § 707(b)(2)(B) exist that rebut the presumption of abuse under the means test.

**THEREFORE**, for all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the United States Trustee's motion to dismiss under 11 U.S.C. § 707(b) [Doc.

# 13] be, and hereby is, conditionally **GRANTED**. Debtor is granted thirty (30) days from the date of this order to file a motion to convert to a Chapter 13 case or this case will be dismissed by separate order of the court.

###